(Reap. Dec. 8669)

New York Merchandise Co., Inc. v. United States

Entry No. WH–01445.

(Decided October 10, 1956)

*Siegel, Mandell & Davidson* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

Mollison, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS STIPULATED AND AGREED by and between the respective parties hereto, subject to the approval of the Court, that the export value of the merchandise at the time of exportation to the United States covered by the Appeal to Reappraisement enumerated above, with the exception of five cases of Bicycle Horns marked 902/906 and six cases of Rubber Snakes marked 696/701, at which time such or similar merchandise was freely offered for sale to all purchasers in the principal market of the country from which exported in the usual whole sale quantity and in the ordinary course of trade for export to the United States including costs of containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise ready for shipment to the United States was the appraised value less the addition made to meet the advances by the Appraiser in similar cases covering non-dutiable so-called (F. O. B.) charges for inland freight, insurance premium, storage, hauling and lighterage.

IT IS FURTHER STIPULATED AND AGREED that there was no higher foreign value for merchandise such or similar to the merchandise herein at the time of exportation thereof.

IT IS FURTHER STIPULATED AND AGREED that the Appeal to Reappraisement enumerated above may be submitted for decision on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, except the five cases of bicycle horns marked 902/906 and six cases of rubber snakes marked 696/701, and that such values were the appraised values, less the addition made to meet the advances by the appraiser in similar cases covering nondutiable so-called (f. o. b.) charges for inland freight, insurance premium, storage, hauling, and lighterage.

Insofar as the appeal relates to the five cases of bicycle horns marked 902/906 and six cases of rubber snakes marked 696/701, it is hereby dismissed.

Judgment will be entered accordingly.